IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20468
Summary Calendar

_____

LYNN JONES,

Plaintiff-Appellant,

versus

CITY OF HOUSTON,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-200
--------------------
June 1, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Lynn Jones appeals the district court's summary judgment
dismissing his 42 U.S.C. § 1983 claims against the City of
Houston.  Jones argues 1) that the summary judgment was based
upon issues not raised by the parties -- whether Jones suffered a
constitutional violation and whether the defendant acted in bad
faith -- and that Jones was not given notice that the district
court was considering those issues, 2) that the district court
erred by applying <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988), to
Jones' case, and 3) that there was evidence of bad faith and a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

custom or policy of the Houston police department's crime lab violating Jones' due process rights.

Our review of the record reveals that the parties essentially presented the issue of bad faith when they discussed whether crime lab personnel acted with deliberate indifference to Jones' rights by failing to expeditiously conduct DNA testing. The district court did not grant summary judgment on an issue not addressed by the parties. See Washington v. Resolution Trust Corp., 68 F.3d 935, 939-40 (5th Cir. 1995).

Regardless of the application of Youngblood, 488 U.S. at 57-58, our de novo review reveals that there was no evidence that the crime lab's delay in Jones' case was part of a policy or custom of the crime lab. There was no evidence of a city custom or policy violating Jones' constitutional rights. See Bennett v. Slidell, 728 F.2d 762, 767 (5th Cir. 1984) (en banc). The summary judgment accordingly is AFFIRMED.